(C. D. 111)

F. Mastronardi, Inc. v. United States

United States Customs Court, Third Division

(Decided February 27, 1939)

Strauss & Hedges (Eugene F. Blauvelt of counsel) for the plaintiff.
Charles D. Lawrence, Acting Assistant Attorney General (Charles J. Miville and Daniel G. McGrath, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States wherein the plaintiff seeks to recover a certain sum of money paid as customs duties at the port of New York upon importations of figs stuffed with almonds. The collector classified the merchandise for duty purposes under paragraph 740 of the Tariff Act of 1930 at the rate of 40 per centum ad valorem.

That paragraph is in the following language:

PAR. 740. Figs, fresh, dried, or in brine, and fig paste, 5 cents per pound; prepared or preserved, not specially provided for, 40 per centum ad valorem.

The importer claims the merchandise is dutiable either at 20 per centum ad valorem under paragraph 1558 of the same act, as an unenumerated manufactured article, or, alternatively, either directly or by virtue of the similitude clause in paragraph 1559, at 35 per centum ad valorem under the provisions of paragraph 752 as "mixtures of two or more fruits, prepared or preserved."

The attorney for the importer calls attention to the fact that merchandise of a similar character was the subject of decision by this court in the case of F. Vitelli & Son v. United States, T. D. 49133, 72 Treas. Dec. 259. The merchandise in that case is described in the testimony quoted in the decision as follows:

They cut the figs in half, and they allowed them to dry in the sun. When they are dried, they place the apricot kernel inside or one on each fig and press them together, another fig on top, press them together and bake them. When they are cold they pack them in baskets or in different packages they use in the trade.

The description of the merchandise given at the hearing in the instant case is almost identical with the foregoing statement except that there was some effort made to show that two figs were split and that an almond was put on half of each of the two and then the other half of each of the two was used as a covering. The samples introduced in evidence did not corroborate that statement. However, whether or not the halves of the figs were transferred is immaterial.

The record discloses that in the preparation of these figs they were split open, spread on trays, and placed in the sun to dry. Whether the halves were completely severed or not does not appear. After

the drying process they were then assembled by placing a nut between two portions of a fig. The witness indicated that there were two portions of different figs. Whether or not that is so is immaterial, but it could well happen. Thereafter they were baked in an oven from three to four hours, after which they were removed, cooled, and packed in boxes and, as the layers of figs thus prepared were placed in the boxes, small quantities of anise seed were sprinkled over them. In that condition they were shipped to this country.

Concerning the claim of the plaintiff that the figs are dutiable under paragraph 752, *supra*, we have to adhere to our decision last above referred to. In that case we held as a matter of law that nuts are not classifiable for customs duty purposes as fruits and hence that the figs in that case, containing, as they did, almonds or apricot kernels, were not mixtures of two or more fruits such as were made dutiable at 35 per centum ad valorem under said paragraph 752.

On the question of similitude to mixtures of two or more fruits, prepared or preserved, it is our opinion that, since one of the components of these figs is not a fruit but a nut in the tariff sense, the combination of the two would not make the resulting product similar to mixtures of two or more fruits.

Moreover, we cannot resort to the similitude paragraph because it is our opinion that the commodity is provided for *eo nomine* in the tariff act. It is our judgment that Congress intended a commodity of this kind to be classified as figs prepared or preserved, not specially provided for, as assessed, even though in law a nut is not a fruit. We say this because of the fact that when Congress adopted the tariff act the committee had before it for its guidance the Summary of Tariff Information 1929, where at pages 1258/9 we find the following:

Figs prepared or preserved are mainly figs which have been canned in sirup. In this class also are figs which have been roasted after splitting and then sprinkled with aromatic seeds such as anise or fennel, *figs stuffed with nuts*, and fruit pastes. [Italics supplied.]

With this information before Congress, it could scarcely be said to have intended "figs stuffed with nuts" to be classified either as an unenumerated manufactured article, or as a mixture of two or more fruits, not specially provided for.

A point is made in the importer's brief of the fact that there was a change of language in paragraph 740 of the Tariff Act of 1930 from that used in the corresponding paragraph of the act of 1922. The conference report to accompany H. R. 2667, which later became the Tariff Act of 1930, at page 66, contains the following:

Amendment No. 460: Under the House bill, fig paste was dutiable at 35 percent ad valorem as fruit paste in paragraph 750. The Senate amendment specifically includes fig paste in the bracket with fresh or dried figs, at 5 cents per pound; and the House recedes.

Having thus introduced fig paste into this paragraph it became necessary to change the language "prepared or preserved in any manner" to the language "prepared or preserved, not specially provided for," to avoid conflict both in this paragraph and in paragraph 750 (which later became 752) of the bill. If the provision for figs had been followed by the phrase "prepared or preserved in any manner" the paragraph would have provided for figs that had been prepared into fig paste at 5 cents per pound and for figs prepared or preserved in any manner at 40 per centum ad valorem. There would thus have been a conflict because fig paste is figs prepared or preserved in some manner. Moreover, the bill had added a new provision for fruit paste in paragraph 750 at 35 per centum ad valorem, without the qualifying phrase "not specially provided for," and there might therefore have been ambiguity between that provision and the provision for figs "prepared or preserved in any manner." The language was drafted so as clearly to convey the intent that fig paste was to be dutiable at 5 cents per pound.

Since Congress, by the information contained in the summary above quoted, had been advised that figs stuffed with nuts were figs prepared or preserved, and since they are not specially provided for elsewhere in the tariff act, we hold them dutiable at 40 per centum ad valorem under said paragraph 740, as assessed, and overrule plaintiff's claims.

Judgment will be rendered accordingly. It is so ordered.